UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | No. 2:10 CR 9 |
| ) | |
| THOMAS WENZEL, ) | |
|     Defendant ) | |

## OPINION AND ORDER

Defendant Thomas Wenzel asked the court for appointed counsel to assist him with his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as a result of Amendment 782 to the United States Sentencing Guidelines. Because of *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013), the court denied the request for counsel, and requested United States Probation to provide an updated supplement to defendant's original PSR, which the court has now received. (DE #56.) Considering the information provided in that supplement, the court's analysis is as follows.

When defendant was sentenced, based on a finding that he possessed 78.24 grams of pseudoephedrine with knowledge it would be used to manufacture methamphetamine, his total offense level was 30, and his criminal history category was VI. That resulted in an advisory guideline range of 168-210 months of incarceration. Wenzel requested a sentence of 84 months, based on a number of factors personal to him, and after considering those and other relevant factors, the court gave him a sentence of 100 months.

The impact of Amendment 782 is that Wenzel's total offense level becomes 28, and with a criminal history category of VI, his amended guideline range is 140-175 months. The court can only reduce Wenzel's sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 382(c)(2). With an exception not applicable here (for cases where the government moved for a sentence below the guideline range), the pertinent portion of the applicable policy statement is: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Here, Wenzel's current sentence of 100 months is already below the minimum of his amended range, 140 months, which means that the court is not authorized to grant a reduction.

The court therefore intends to deny a reduction to defendant Wenzel, but in the interests of fairness and due process, it will allow him the opportunity to address the analysis herein. The court grants Wenzel a period of time to file a memorandum or statement explaining why he disagrees with the analysis herein, and believes he is eligible for a sentence reduction. Any such filing is due on or before February 16, 2015.

**SO ORDERED.**

Date: January 5, 2015

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT